UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN WILLIAMS (X20798)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0431** |
| **EARLY W. WASHINGTON** | **SEC."L" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Alvin Williams, filed the above captioned *pro se* and *in forma pauperis* complaint seeking damages pursuant to 42 U.S.C. § 1983 naming Early (a.k.a. Erlie) Washington as defendant in this lawsuit. In his complaint, plaintiff alleges that his constitutional rights were violated when the defendant committed perjury and falsely accused him of rape and molestation of her minor relative.[1]

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which

---

[1] This Court notes that plaintiff was convicted in Mississippi of a crime which occurred in Mississippi. The alleged act of perjury occurred in Mississippi. The only basis for suit in the Eastern District of Louisiana is that the defendant, Ms. Washington, lives in New Orleans, Louisiana. In the interest of judicial economy, the Court will not transfer the case at this stage as it is clearly frivolous.

1

DATE OF ENTRY
JUN - 9 2000

JUN - 9 2000

DATE OF MAILING

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116. Under the broadest reading of his complaint,[2] Williams' allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

Section 1983 of the United States Code, Title 42, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To the extent that plaintiff's complaint can be interpreted as alleging a violation of his due process rights as guaranteed by the United States Constitution, it would still fail to state a claim

---

[2] The court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

under section 1983.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a damages request for alleged civil rights violations, calling into question the validity of a state court conviction that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 114 S. Ct. at 2372 (emphasis in original) (footnote omitted).

Plaintiff's damages claims have not yet accrued because they are connected to the legality of his present confinement. See Boyd v. Biggers, 31 F.3d 279, 282 (5th Cir. 1994)(citation omitted). However, prior to applying Heck, the Fifth Circuit Court of Appeals has noted that the district court should consider the absolute immunity doctrine as a threshold matter. Boyd, 31 F.3d at 284.

3

As to his § 1983 claims against Early Washington, a lay person, relative, and witness at his trial, plaintiff must first establish that she was acting under color of state law. Clearly, this defendant is not a state actor capable of being sued under § 1983. See Mills v. Criminal District Court 3, 837 F.2d 677, 679 (5th Cir. 1988); Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Polk County v. Datsun, 454 U.S. 312, 325, 102 S .Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Plaintiff's § 1983 claim against this defendant should be dismissed as frivolous.

Further, Williams' § 1983 claims against the defendant is the type to which the Heck Court refers and, therefore, have not yet accrued. The claims call into question plaintiff's underlying conviction. See Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372. Williams' complaint against this defendant, that she committed perjury and made false allegations against him for which he is now imprisoned, must be dismissed because he has failed to state a claim under § 1983 for which relief may be granted. Id.; 28 U.S.C. § 1915(e) (West 2000).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this ___7___ day of ___June___, ~~2000~~.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE